837 F.Supp. 956 (1992)
In re INDIANAPOLIS NEWSPAPERS, INC., Petitioner,
Fred C. SANDERS, Plaintiff,
v.
CITY OF INDIANAPOLIS, et al., Defendants.
No. IP 89-480-C.
United States District Court, S.D.Indiana, Indianapolis Division.
December 3, 1992.
*957 Douglass R. Shortridge, Indianapolis, IN, for Fred C. Sanders.
Joseph M. Perkins, Asst. Corp. Counsel, City-County Legal Div., Indianapolis, IN, for City of Indianapolis.
John C. Ruckelshaus, Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, IN, for defendants.
Robert P. Johnstone, Barnes & Thornburg, Indianapolis, IN.

ENTRY
BARKER, District Judge.
The Indianapolis Newspapers, Inc., publisher of The Indianapolis Star and The Indianapolis News, filed a petition under the First Amendment of the United States Constitution, the common law, 28 U.S.C. § 1861 et seq., and the Southern District of Indiana's Plan for the Random Selection of Grand and Petit Jurors for access to the names, addresses, and "other pertinent information"[1] contained in the juror questionnaire for the jurors seated in this action. Upon review of that petition and the brief in support thereof, the court issues this ruling.
It has been the operating procedure and long-standing policy of this Court not to disclose to persons, other than the parties to a particular litigation, the names and addresses of a jury panel until after that panel has completed its term of service. This practice is rooted in the fact that in this district jurors are routinely selected for terms of service during which periods of time, which usually extend over four to six months, the jurors are subject to call for all the jury trials conducted during that time frame by a particular judge, and subjecting them to media inquiry and publicity in connection with one case has been viewed as likely to influence their future objectivity in other cases and thus prevent their availability for other trials. The jurors seated in the instant case were chosen from a jury panel only recently called to service, whose members are still subject to being summoned by this Court for jury service in other cases scheduled to be tried during the ensuing months.
The Court recognizes that even temporarily withholding the names and addresses of trial jurors from the press or public, after a trial has terminated, involves a clash of constitutionally protected interests. In re Globe Newspaper Co., 920 F.2d 88, 93 (1st Cir. 1990); United States v. Franklin, 546 F.Supp. 1133, 1138 (N.D.Ind.1982). On the one hand, the First Amendment protects the right of the press and public to attend and discuss judicial proceedings, together with the "right to gather information". Branzburg v. Hayes, 408 U.S. 665, 681, 92 S.Ct. 2646, 2656, 33 L.Ed.2d 626 (1972). As expressed in In re Globe Newspaper Co., 920 F.2d 88 (1st Cir.1990):
The Supreme Court has identified the following purposes which open justice serves: assuring that proceedings are conducted fairly; discouraging perjury, misconduct of participants, and biased decisions; prophylaxis as an outlet for community hostility and emotion; ensuring public confidence in a trial's results through the appearance of fairness; inspiring confidence in judicial proceedings through education regarding the methods of government and judicial remedies.
Id. at 94.
On the other hand, the jurors themselves have an interest in preserving their privacy, United States v. Franklin, 546 F.Supp. 1133 (N.D.Ind.1982); see In re Globe Newspaper Co., 920 F.2d at 93; see also Press-Enterprise *958 Co. v. Superior Court of California, 464 U.S. 501, 510-13, 104 S.Ct. 819, 824-26, 78 L.Ed.2d 629 (1984), and the Court has an interest in protecting that privacy interest to the extent the integrity and reputation of the judicial process is jeopardized by disclosure: "The State has a similar interest in protecting juror privacy, even after trial  to encourage juror honesty in the future  that almost always will be coextensive with the juror's own privacy interest." Press-Enterprise Co., 464 U.S. at 515, 104 S.Ct. at 827 (Blackmun, J., concurring); see Miller v. United States, 403 F.2d 77, 81 (2nd Cir.1968).[2]
This judge is not disposed to set aside unilaterally the above-explained long-standing court disclosure policy,[3] and such action is not required here.[4] In order to accommodate the petitioner's request for disclosure of this information, and in light of the need to balance all the competing interests, the Court finds that disclosure should occur. This decision is premised on the fact that one week has passed since the jury returned its verdict, see United States v. Doherty, 675 F.Supp. 719 (D.Mass.1987), and the Court can and does hereby discharge from the current jury pool and from all further service in response to their current summonses those jurors who served in Sanders v. City of Indianapolis. Accordingly, the names and addresses of the Sanders venire are:
 1. Barbara Bray
 8189 Nekton Lane
 Indianapolis, IN 46236
 2. Donna J. Edmondson
 R.R. 3, Box 163
 North Vernon, IN 47265
 3. Robert M. Lewellen
 2229 Sims Drive
 Columbus, IN 47203
 4. Edward R. Marcum
 5469 W. Village Drive
 New Palestine, IN 46163
 5. Charles D. Sams
 3920 Marrison Place
 Indianapolis, IN 46226
 6. Loren Sitzes
 2212 South Berkley
 Kokomo, IN 46902
 7. Gwendolyn Twyman
 2834 Colerain Drive
 Indianapolis, IN 46222
The Court also hereby informs the petitioner and the parties that, prior to the issuance of this order, it has directed the Clerk of the Court, through its Courtroom Deputy, to telephone these jurors and read to them the following supplemental instruction:
The Court has been requested to disclose your names and addresses to the media, and upon consideration of the applicable law, has determined that such disclosure is appropriate and must be made.

*959 Although the Court will disclose your names and addresses, I instruct you that you are not only free to refuse to disclose what went on in this case, but that you may well think it better and more prudent to decline to discuss what has occurred during the trial and your deliberations. The Supreme Court has noted that "Freedom of debate might be stifled and independence of thought checked if jurors were made to feel that their arguments and ballots were to be freely published to the world."
It remains a matter entirely within your discretion whether or not you desire to be interviewed regarding this trial by members of the press and/or public.
Any conduct by anyone which constitutes harassment of any member of this juror panel in regard to such interviews should be brought to the attention of the Court, to be dealt with in an appropriate fashion.
It is so ORDERED.
NOTES
[1] Petitioner has not specified any particular information which it seeks that would fall into this category. Because the Court views the names and addresses of jurors as sufficient disclosures under the circumstances, it will not attempt to define or elaborate on the meaning of the phrase, "other pertinent information," for the petitioner.
[2] Although the press' right of access to a juror's identity may not be as strong as the right to attend and report on public trials, since the press is not entitled to "special access to information not available to the public generally," Branzburg v. Hayes, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972), and juror names and addresses are collateral information kept by the Court only for administrative purposes, rather than being court proceedings or records of such proceedings, many of the judicial integrity and reputation interests are equally served by providing the press access to this information:

Knowledge of juror identities allows the public to verify the impartiality of key participants in the administration of justice, and thereby ensures fairness, the appearance of fairness and public confidence in that system. It is possible, for example, that suspicions might arise in a particular trial (or in a series of trials) that jurors were selected from only a narrow social group, or from persons with certain political affiliations, or from persons associated with organized crime groups. It would be more difficult to inquire into such matters, and those suspicions would seem in any event more real to the public, if names and addresses were kept secret.
In re Globe, 920 F.2d at 94.
[3] Nondisclosure is otherwise appropriate where "the interest of justice so requires." See 28 U.S.C. § 1863(b)(7) and the Southern District of Indiana's Plan for the Random Selection of Grand and Petit Jurors, Section X.C. However, even taking into account the privacy interests discussed in this entry, the Court discerns no "interest of justice" in this case that mandates nondisclosure of the jurors' identities.
[4] We remind the parties, however, that in accord with S.D.Ind. LR 47.2, "[n]o attorneys ... appearing in this Court, or any of their agents or employees, shall approach, interview, or communicate with any member of the jury following a trial except on leave of Court granted upon notice to opposing counsel."